STATE *vs.* ELMER I. ABBOTT.

*Criminal Law—Embezzlement as Bailee—Statute—Indictment ; Sufficiency of—Pleading—Indictment sufficient, though not signed by Foreman of Grand Jury.*

1.  Motion made to quash indictment.   Objections overruled.

2.  Indictment endorsed "true bill" was brought in by the grand jury, handed to the Court, and all it lacked was the signature of the foreman.  *Held* sufficient.

(*April 29, 1905.*)

JUDGES SPRUANCE and BOYCE, sitting.

*Robert H. Richards,* Attorney-General,and *Daniel O. Hastings,* Deputy Attorney-General, for the State.

*Cornelius Frear* and *James M. Satterfield* for the defendant.

Court of General Sessions, Kent County, April Term, 1905.

The defendant was indicted at this term for EMBEZZLEMENT AS BAILEE, as follows:

" Kent County, ss.                              April Term, 1905.

" THE GRAND INQUEST FOR THE STATE OF DELAWARE, and the body of Kent County, on their oath and affirmation, respectively, DO PRESENT, That Elmer I. Abbott late of East Dover Hundred, in the county aforesaid, on the twenty-ninth day of October in the year of our Lord, one thousand nine hundred and four, with force and arms at East Dover Hundred, in the county aforesaid, he the said Elmer I. Abbott being then and there bailee of sundry coins, the kind and denomination of which are to the jurors aforesaid unknown, of the aggregate value of six dollars and thirty cents lawful money of the United States of America, and certain paper money the kind and denomination of which are to the jurors aforesaid unknown of the aggregate value of six dollars

and thirty cents like lawful money as aforesaid, did then and there unlawfully and fraudulently convert the same, to wit the said coins and the said paper money, to his own use, the said coins and the said paper money then and there being the money and property of a certain John Loatman, against the form of the Act of the General Assembly in such case made and provided, and against the peace and dignity of the State.

"ROBERT H. RICHARDS, *Attorney-General.*"

Counsel for the defendant moved to quash the above indictment for the following reasons:

1. Because the indictment is incomplete and deficient in that it does not set forth the character of the bailment.
*6 Am. and Eng. Ency. Law (1 Ed.), 4980 ; People vs. Cohen, 8 Cal., 42 ; People vs. Peterson, 9 Cal., 313 ; People vs. Poggi, 19 Cal., 600 ; Commonwealth vs. Smart, 6 Gray, 15 ; Sanders vs. State, 86 Ga., 717-720-721 ; State vs. Griffith, 45 Kan., 142 ; 1 Wharton's Crim. Law (10 Ed.), Sec. 1061.*

2. Because the said indictment does not allege by direct averment that the money embezzled came into the possession of the bailee, or was under his care or control by virtue of the bailment.
*6 Am. and Eng. Ency. Law (1 Ed.) 498 B. ; Gaddy vs. State, 8 Texas App., 187 ; People vs. Johnson, 71 Cal., 384; State vs. Mims, 26 Minn., 191.*

3. Because the said indictment does not allege from whom the accused received the said money.
*State vs. Griffith, 45 Kan., 142 ; State vs. Grisham, 90 Mo., 163 ; State vs. Webster, 5 Greenl. (Me.), 432.*

4. Because all the facts, circumstances and elements of which the offense charged is constituted are not sufficiently and specifically enumerated and set forth in said indictment.

*Archbold Crim. Pl. (5 Am. Ed.) , 41 ; Commonwealth vs. Smart, 6 Gray, 15 ; State vs. McDowell, 1 Pennewill, 2.*

5.   Because the mere allegation that the accused was a bailee is too general and indefinite, and does not fairly inform the accused of the nature and cause of the accusation made against him.

*State vs. Griffith, 45 Kan., 142 ; Constitution of Delaware, Art. 1, Sec., 7 ; State vs. Grisham, 90 Mo., 163 ; State vs. Solio, 4 Pennewill, 138.*

The State contended (1) that the indictment sufficiently set forth the character of the bailment.

*State vs. Turner, 10 Wash., 94 ; People vs. Hill, 3 Utah, 534 ; 7 Ency. Pl. and Pr., 420 ; Bishop Stat. Con., Sec. 422.*

(2) That the averment of the indictment was sufficient to cover the second objection raised by the defendant ; that it is sufficient to charge the offense in the language of the statute ; that the indictment was sufficient in all other respects.

*State vs. Lauier, 89 N. C., 517 ; Rex vs. Jenson, 1 M. C. C., 454 ; Rex vs. McGregor, R. & R., 23 ; State vs. Noel, 5 Blackf., 548 ; U. S. vs. Britton, 107 U. S., 655 ; Ritter vs. State, 111 Ind., 324 ; State vs. Walton, 62 Me., 106 ; State vs. Adams, 108 Mo., 208.*

SPRUANCE, J :—We have listened to the argument upon this motion with a great deal of interest. As our minds are very clear, we do not think it necessary to delay announcing our judgment.

This indictment is in the language of the statute which is different from any of the statutes cited by counsel, in which it was necessary that particulars in the averment should be set forth.   It is quite immaterial, if there was a bailment, and under our statute it is not essential to set forth the particular kind of conversion.

The indictment in this case is sufficient, and we decline to quash it.

INDICTMENT—OPINION.

(A further indictment against the above named defendant for a similar offense was returned by the grand jury endorsed on the back "true bill," but the signature of the foreman of the grand jury was not endorsed thereon. The same counsel, representing the defendant, moved that the indictment be quashed because the signature of the foreman was not upon the back of the same.)

*Richards*, Attorney-General, contended that the signature of the foreman of the grand jury was not essential to the validity of the indictment, and cited in support of his contention the following authorities:

*10 Ency. Pl. and Pr., 439 ; McGuffie vs. State, 17 Ga., 511 ; State vs. Creighton, 1 Nott and McCord, 256 ; Price vs. Commonwealth, 21 Grattan, 859 ; Frisbee vs. U. S., 157 U. S., 163.*

SPRUANCE, J :—It has been the rule from time immemorial that an indictment found by the grand jury has been signed by the foreman, and it is a good and safe rule. It is for us to consider whether an indictment which bears the endorsement thereon "true bill" is sufficient. When the indictment is neither signed nor endorsed as a true bill or ignored, it might mean either. That is not the question before us, and it is unnecessary to pass upon it now. This indictment is endorsed "true bill." All it lacks is the signature of the foreman. But it was brought in by the grand jury, handed to the clerk, and by him handed to the Court. Was this bill the act of the grand jury? We hold that it was, and overrule the objection as to this point and sustain the indictment.